ORIGINAL

Approved: [signature]
CECILIA E. VOGEL
Assistant United States Attorney

Before: HONORABLE DEBRA FREEMAN
United States Magistrate Judge
Southern District of New York

19MAG4855

UNITED STATES OF AMERICA

- v. -

NESTOR CAROSIOL SOSA-ORTIZ,

Defendant.

COMPLAINT

Violation of 21 U.S.C. § 846

COUNTY OF OFFENSE: NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

CASSANDRA JACKSON, being duly sworn, deposes and says that she is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

COUNT ONE

1. In or about May 2019, in the Southern District of New York and elsewhere, NESTOR CAROSIOL SOSA-ORTIZ, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that NESTOR CAROSIOL SOSA-ORTIZ, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substances that NESTOR CAROSIOL SOSA-ORTIZ, the defendant, conspired to distribute and possess with intent to distribute were (a) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (b) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and the foregoing charge are, in part, as follows:

4. I am a Special Agent with the DEA. I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

The Missouri Stop

5. Based on my participation in this investigation, including my conversations with other law enforcement agents and review of law enforcement records and reports, I have learned the following, in substance and in part:

a. On or about May 17, 2019, law enforcement officers at a bus stop in Missouri observed a woman ("Individual-1") exit a passenger bus arriving from California. The officers approached Individual-1 and spoke with her. Individual-1 consented to a search of her luggage. Within the luggage, the officers found a black bag (the "Black Bag") secured with a lock. Individual-1 provided the officers with a key to the lock. Inside the Black Bag, the officers found four brick-like packages wrapped in clear plastic (the "Packages"). Law enforcement field tested and weighed the contents of the Packages. Two of the Packages tested positive for heroin, and two of the Packages tested positive for fentanyl. Each of the Packages weighed approximately one kilogram.

b. After being advised of and waiving her *Miranda* rights, Individual-1 informed law enforcement, in substance and in part, that she was traveling by bus from California to New York City and that she was supposed to transport the Black Bag from California to New York City. Individual-1 also stated, in substance and in part, that she was delivering the Black Bag at the direction of a woman located in California ("Individual-2").

c. Individual-1 agreed to cooperate with law enforcement and to conduct a controlled delivery of the Black Bag in New York City. Law enforcement made arrangements for Individual-1 to travel from Missouri to New York City on or about May 17, 2019. For purposes of the controlled delivery, law enforcement put sham narcotics inside the Black Bag designed to look like the Packages, which law enforcement seized.

The Manhattan Controlled Delivery

6. Based on my participation in this investigation, including my conversations with other law enforcement agents and review of law enforcement records and reports, information provided by Individual-1, text messages and phone calls between Individual-1 and Individual-2 that Individual-1 consensually recorded, and physical surveillance, I have learned the following, in substance and in part:

a. On or about May 18, 2019, Individual-1 received instructions by phone from Individual-2, in substance and in part, that Individual-1 should wait at a specific restaurant in Manhattan ("Restaurant-1") because the individuals to whom she was supposed to deliver the Black Bag would meet her at Restaurant-1. Individual-2 also instructed Individual-1, in substance and in part, that Individual-1 would receive approximately $4,000 in cash for delivering the Black Bag.

b. Later that day, on or about May 18, 2019, Individual-1 waited at Restaurant-1 to deliver the Black Bag. While Individual-1 was waiting at Restaurant-1, Individual-2 provided Individual-1 with a phone number to contact the individuals who were coming to meet Individual-1 to take the Black Bag and pay the approximately $4,000. While continuing to wait at Restaurant-1, Individual-1 spoke by phone with a male, later identified as NESTOR CAROSIOL SOSA-ORTIZ, the defendant, using the phone number provided by Individual-2. On the call,

SOSA-ORTIZ told Individual-1, in sum and substance, that he was approximately fifteen minutes away.

c. Shortly thereafter on or about May 18, 2019, SOSA-ORTIZ and another male ("Individual-3") arrived at Restaurant-1 by car, and they sat down with Individual-1 to eat a meal. During the course of the meal, Individual-1 asked SOSA-ORTIZ, in substance and in part, if he had what he was supposed to give her. SOSA-ORTIZ left the table, and when he returned, he handed Individual-1 approximately $4,000 in cash wrapped in toilet paper.

d. Individual-1 then asked SOSA-ORTIZ, in substance and in part, how SOSA-ORTIZ wanted Individual-1 to hand over the Black Bag to him. SOSA-ORTIZ responded, in substance and in part, that they were waiting for a third person to pick up the Black Bag, and he placed two calls while at the table with Individual-1, asking the person on the other end of the call, in substance and in part, where that person was and how far away that person was. SOSA-ORTIZ told Individual-1, in sum and substance, that the third person was on his way.

e. Individual-1 informed SOSA-ORTIZ and Individual-3 that she needed to leave, and SOSA-ORTIZ stated, in substance and in part, that he and Individual-3 would wait for the third person outside of Restaurant-1. SOSA-ORTIZ paid for his meal and the meals of Individual-1 and Individual-3. SOSA-ORTIZ and Individual-3 then left Restaurant-1. SOSA-ORTIZ was carrying the Black Bag when he left Restaurant-1, and he was arrested as he was leaving Restaurant-1.

f. After SOSA-ORTIZ was arrested, he was advised of and waived his *Miranda* rights. SOSA-ORTIZ subsequently stated, in substance and in part, that he was picking up narcotics on behalf of the owner of the narcotics, and that he did not know what kind of narcotics were in the Black Bag, because the owner of the narcotics sells different types of drugs.

WHEREFORE, I respectfully request that NESTOR CAROSIOL SOSA-ORTIZ, the defendant, be imprisoned or bailed, as the case may be.

Cassandra Jackson
Special Agent
Drug Enforcement Administration

Sworn to before me this
20th day of May, 2019

THE HONORABLE DEBRA FREEMAN
United States Magistrate Judge
Southern District of New York